UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GREAT LAKES INSURANCE SE,

   Plaintiff,

 v.

SILVER GLOWING MOON, INC.,
CLASSIC MOTEL,
RICHMOBO, INC. and
AMERICUS PERKINS,

   Defendants.

Case No. 4:26-cv-285

## COMPLAINT FOR DECLARATORY JUDGMENT

  Plaintiff Great Lakes Insurance SE ("Great Lakes"), by and through its undersigned counsel, and for its Complaint for Declaratory Judgment states as follows:

## PARTIES

  1. Plaintiff Great Lakes Insurance SE is a German insurance company that is a citizen of Germany. It is domiciled and has its principal place of business in Koniginstrasse 107, 80802 Munich, Germany.

  2. Defendant Silver Glowing Moon, Inc. is a Missouri corporation with its registered agent, Scott Norton, at 12907 Hillcrest Dr. Liberty, MO 64068.

  3. Defendant Classic Motel is a registered fictitious name in the State of Missouri and is wholly owned by Richmobo, Inc, with a principal place of business located at 2700 MO-13, Higginsville, Missouri 64037. Defendant Classic Motel may be served through its registered agent, Scott Norton, at 12907 Hillcrest Dr. Liberty, MO 64068.

  4. Defendant Richmobo, Inc. is a Missouri corporation with its registered agent, Scott Norton, at 12907 Hillcrest Dr. Liberty, MO 64068.

5. Upon information and belief Defendant Americus Perkins is an individual residing in the State of Missouri and is the natural mother of Decedent, Novaleigh Galloway. Defendant Americus Perkins may be served at 234 N. 17th St. Lexington, MO 64067.

<u>**JURISDICTION AND VENUE**</u>

6. This complaint is brought pursuant to 28 U.S.C. §§ 2201–02 and Rule 57 of the Federal Rules of Civil Procedure for the purposes of determining questions of actual controversy between the parties as herein more fully set forth. The jurisdiction of this Court is based upon the diversity of citizenship under 28 U.S.C. § 1332 between Plaintiff and Defendants. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Defendants are all residents of Missouri and at least one Defendant resides within the Western District of Missouri.

8. This Court has personal jurisdiction over all Defendants in this case as they are all residents of the State of Missouri.

<u>**BACKGROUND**</u>

<u>**The Underlying Lawsuit**</u>

9. Americus Perkins filed her lawsuit on January 19, 2026, in the Circuit Court of Lafayette County, Missouri, Case Number 26LF-CV00053 (the "Underlying Lawsuit"), a copy of which is attached as **Exhibit 1**. In the Underlying Lawsuit, Perkins makes claims on behalf of Decedent Novaleigh Galloway, for survivor benefits under Mo. Rev. Stat. § 537.080.

10. The Underlying Lawsuit alleges that Decedent Novaleigh Galloway passed away as a result of bodily injuries sustained while staying at Classic Motel. *See* Exhibit 1 ¶ 11.

11. Upon information and belief, the bodily injuries suffered by Decedent Novaleigh Galloway were caused by her father, Kyle Galloway, and his girlfriend, Deanna Kay Hankins.

Mainly the night before the couple had zip tied and abused Decedent Novaleigh Galloway, followed by a kick to Decedent's head by Galloway.

12. According to the Underlying Lawsuit, Decedent Novaleigh Galloway passed away from this abuse in the early morning hours of December 23, 2025. *See* Exhibit 1 ¶ 19.

13. In the Underlying Lawsuit, Perkins names three defendants, Classic Motel, Richmobo, Inc., and Silver Glowing Moon, Inc. (the "Insureds"). *See* Exhibit 1.

14. According to the Underlying Lawsuit, the Insureds' premises at 2700 MO-13, Higginsville, Missouri 64037, was a site of criminal activity, which posed a threat to the guests of the motel. *See* Exhibit 1 ¶ 12.

15. Additionally, the Underlying Lawsuit alleges that Insureds' staff were aware, or should have been aware, of the abuse occurring to Decedent Novaleigh Galloway, due to the appearance of visible lacerations, bruising, and two black eyes in the days preceding Decedent Novaleigh Galloway's death. *See* Exhibit 1 ¶ 17.

16. Perkins further alleges that Insureds' staff should have been aware of abuse occurring on the evening of December 22, 2025, into the early morning hours of December 23, 2025, due to Decedent Novaleigh Galloway's screams while sustaining the physical injuries. *See* Exhibit 1 ¶ 19.

17. Perkins alleges that the Insureds were negligent by allowing two dangerous adult guests to possess a room with Decedent Novaleigh Galloway, permitting criminal conduct on the premises, failing to remove Kyle Galloway and Deanna Kay Hankins, failing to properly hire, train, and supervise their staff, and failure to enact proper safety policies and safety procedures. *See* Exhibit 1 ¶ 23 a–k.

4911-9748-9051.1

**Insureds' Policy through Great Lakes**

18. Great Lakes issued a Commercial Lines Policy to Insureds with Policy Number 25GLL113 ("Policy") with a General Aggregate Limit of $2,000,000 and each occurrence limit of $1,000,000. A true and correct copy of the Policy is attached hereto as **Exhibit 2**.

19. Policy, SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement provides in relevant part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. . . . However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

(Ex. 2, Commercial General Liability Coverage Form, Page 1 of 16).

20. The Policy defines "bodily injury" as:

> **"**Bodily injury" means sickness or disease sustained by a person, including death resulting from any of these at any time.

(Ex. 2, Commercial General Liability Coverage Form, Page 13 of 16).

21. The Policy contains an ASSAULT OR BATTERY EXCLUSION endorsement which states in part:

> This insurance does not apply to "bodily injury", . . . arising out of an "assault", "battery" or "physical altercation":
>
> > a. Whether or not caused by, at the instigation of, or with the direct or indirect involvement of an insured, an insured's employees, patrons, or other persons in, on, near, or away from an insured's premises; or
> >
> > b. Whether or not caused by or arising out of an insured's failure to properly supervise or keep an insured's premises in a safe condition; or
> >
> > c. Whether or not caused by or arising out of any insured's act or omission in connection with the prevention, suppression, or failure to warn of the "assault", "battery", or "physical altercation", or providing or not providing or summoning or not summoning medical or other assistance in connection

4911-9748-9051.1

with the "assault", "battery", or "physical altercation", including but not limited to, negligent hiring, training, or supervision; or

d. Whether or not caused by or arising out of negligent, reckless, or wanton conduct by an insured, an insured's employees, patrons, other persons.

(Ex. 2, Assault or Battery Exclusion Endorsement, Page 1 of 2).

22. The Policy defines "Assault" as:

"Assault" means any attempt of threat to inflict injury on another including any conduct that would reasonably place another in apprehension of such injury.

(Ex. 2, Assault or Battery Exclusion Endorsement, Page 2 of 2).

23. The Policy defines "Battery" as:

"Battery" means the intentional or reckless physical contact with or any use of force against a person without his or her consent that entails some injury or offensive touching whether or not actual injury inflicted is intended or expected.

(Ex. 2, Assault or Battery Exclusion Endorsement, Page 2 of 2).

24. The Policy defines "Physical altercation" as:

"Physical altercation" means a dispute between individual in which one or more persons sustain bodily injury arising out of the dispute.

(Ex. 2, Assault or Battery Exclusion Endorsement, Page 2 of 2).

25. The Policy contains a MOLESTATION OR ABUSE endorsement which states in part:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" arising out of:

a. The threatened or actual molestation or abuse or any person by:
  i. Any insured;
  ii. Any "executive officer", director, or trustee of any insured;
  iii. Any "employee" of any insured;
  iv. Any "volunteer worker" for any insured, or
  v. Any other person for whom any insured may be legally liable.

4911-9748-9051.1

b. The employment, investigation, supervision, reporting to the proper authorities, or failure to so report; of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph a. above.

Molestation or abuse includes, but is not limited to, harmful physical contact, sexual action, or emotional injury resulting from harmful physical contact or sexual action.

(Ex. 2, Molestation or Abuse Exclusion Endorsement, Page 1 of 1).

26. The Policy contains a PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION endorsement which states:

This policy does not apply to a claim of or indemnification for punitive or exemplary damages.

Punitive or exemplary damage also include any damages awarded pursuant to statute in the form of double, treble or other multiple damages in excess of compensatory damages.

(Ex. 2, Punitive or Exemplary Damages Exclusion Endorsement, Page 1 of 1).

27. The Policy contains a FIREARMS/WEAPONS EXCLUSION endorsement, which states in part:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising out of the manufacture, importation, sales, distribution, ownership, maintenance, or use of firearms or "weapons" by any insured or any other person.

(Ex. 2, Firearms/Weapons Exclusion Endorsement, Page 1 of 1).

28. The Policy defines "weapons" as:

"Weapons" are instruments of an offensive or defensive nature and include but are not limited to bow and arrows, crossbow, knives, mace, stun guns, or swords.

(Ex. 2, Firearms/Weapons Exclusion Endorsement, Page 1 of 1).

**The "Bodily Injury" Arises out of an "Assault" "Battery" and/or "Physical Altercation"**

29. The Underlying Lawsuit alleges that Novaleigh Galloway's death arose out of the physical abuse suffered at the hands of Kyle Galloway and Deanna Kay Hankins.

4911-9748-9051.1

30.     Kyle Galloway and Deanna Kay Hankins' conduct constitutes a "battery" under the Policy because it involved intentional, nonconsensual physical contact and the use of force that resulted in injury, regardless of whether the injury was intended or expected.

31.     Kyle Galloway and Deanna Kay Hankins' conduct qualifies as a "physical altercation" under the Policy because it was a dispute between individuals in which one or more persons sustained bodily injury.

32.     The Assault or Battery Exclusion applies even if the Insureds neither instigated nor were in any way involved in the "battery" or "physical altercation."

33.     The Assault or Battery Exclusion applies even if the Underlying Lawsuit alleges that the Insureds are liable for failing to properly supervise or to keep their premises free from danger.

34.     The Assault or Battery Exclusion applies even if the Underlying Lawsuit alleges that the Insureds were negligent in hiring, training, or supervising staff to prevent a "battery" or "physical altercation."

35.     The Assault or Battery Exclusion applies even if the "battery" or "physical altercation" arises from the negligent, reckless, or wanton conduct of the Insureds' patrons or other persons.

**The Bodily Injury Arises out of the Actual Abuse of Novaleigh Galloway by a Person for Whom the Insureds are alleged to be Legally Liable**

36.     The Underlying Lawsuit alleges that Novaleigh Galloway died as a result of physical abuse inflicted by Kyle Galloway and Deanna Kay Hankins.

37.     The bodily injury suffered by Novaleigh Galloway constitutes "abuse" under the Policy because it resulted from harmful physical contact.

4911-9748-9051.1

38.     The abuse was committed by Kyle Galloway and Deanna Kay Hankins, for which Americus Perkins seeks to hold the Insureds legally liable.

**The Punitive Damages Exclusion Bars Coverage for Aggravating Circumstances Damages**

39.     The Underlying Lawsuit seeks all damages available under Mo. Rev. Stat. § 537.090, including damages for aggravating circumstances.

40.     The Policy bars from coverage damages in excess of compensatory damages.

41.     Aggravating circumstances damages are not compensatory damages and are in excess to compensatory damages.  Thus, aggravating circumstances damages are excluded under the Policy.

**Aggravating Circumstances Damages are not "Bodily Injury" as Defined by the Policy**

42.     The Underlying Lawsuit seeks all damages available under Mo. Rev. Stat. § 537.090, including damages for aggravating circumstances.

43.     The Policy provides coverage only for "bodily injury" and "property damage."

44.     Aggravating circumstances are neither "bodily injury" nor "property damage."

45.     Thus, there is no coverage for any aggravating circumstances damages awarded by a jury.

**The Policy Excludes from Coverage "Bodily Injury" Arising from the use of a "Weapon"**

46.     The Policy excludes from coverage "bodily injury" arising out of the use of any "weapons" by any person.

47.     According to the Underlying Lawsuit Novaleigh Galloway had visible lacerations on the days preceding her death.

4911-9748-9051.1

48. It is currently unknown what manner of abuse Novaleigh Galloway suffered at the hands of Kyle Galloway and Deanna Kay Hankins, or what tools were used.

49. If hypothetically, Kyle Galloway and Deanna Kay Hankins used a knife, gun, or other "weapon" against Novaleigh Galloway then there is no coverage under the Policy due to the Firearm/Weapon Exclusion endorsement.

## COUNT I – NO COVERAGE UNDER THE POLICY
## DUE TO THE "BODILY INJURY" ARISING OUT OF A "BATTERY"

50. Great Lakes incorporates and re-alleges Paragraphs 1 through 49 as if fully set forth herein.

51. The Assault and Battery Exclusion endorsement in the Policy excludes from coverage "'bodily injury' . . . arising out of an 'assault', 'battery' or 'physical altercation.'" This is the case even if there is no "involvement of an insured, an insured's employees, patrons, or other persons in, on, near or away from an insured's premises," or if it arises "out of an insured's failure to properly supervise or keep an insured's premises in a safe condition" or if it arises "out of any insured's act or omission in connection with the prevention, suppression, or failure to warn" of a "battery" and applies even if it arises "out of negligent, reckless, or wanton conduct by" patrons.

52. The "bodily injury" did arise out of a "battery" and "physical altercation" which involved the patron of the Insureds.

53. Perkins' negligence claims—including alleged failure to supervise employees, prevent criminal conduct, remove Kyle Galloway and Deanna Kay Hankins, and implement adequate safety policies and procedures—nonetheless arise from Kyle Galloway's "battery."

54. The Underlying Lawsuit is explicitly excluded under the language of the Assault and Battery exclusion as it excludes from coverage Perkins' allegations of negligence against Insureds for their failure to prevent Kyle Galloway's battery against Novaleigh Galloway.

**WHEREFORE** Great Lakes prays for an Order and judgment from this Court declaring that Great Lakes has no duty to defend or indemnify Insureds for the claim made against it in the Underlying Lawsuit because Novaleigh Galloway's "bodily injury" arose from a "battery," for its costs in prosecuting this action, and for such other relief as the Court deems just and necessary based on the facts and circumstances established in this matter.

<u>**COUNT II – NO COVERAGE UNDER THE POLICY**</u>
<u>**DUE TO THE "BODILY INJURY" ARISING OUT OF ACTUAL ABUSE**</u>

55.     Great Lakes incorporates and re-alleges Paragraphs 1 through 54 as if fully set forth herein.

56.     The Molestation or Abuse Exclusion endorsement excludes from coverage "bodily injury" arising out of actual abuse by any person for "whom any insured may be legally liable."

57.     Kyle Galloway's and Deanna Kay Hankins' actions against Novaleigh Galloway is "abuse" under the policy as it involved harmful physical contact against Novaleigh Galloway.

58.     Perkins is seeking to hold Insureds legally liable for the abuse committed against Novaleigh Galloway by Kyle Galloway and Deanna Kay Hankins.

59.     The Underlying Lawsuit arises from Kyle Galloway's and Deanna Kay Hankins' "abuse" of Novaleigh Galloway and is excluded by the terms of the Policy.

**WHEREFORE** Great Lakes prays for an Order and judgment from this Court declaring that Great Lakes has no duty to defend or indemnify Insureds for the claim made against it in the Underlying Lawsuit because Novaleigh Galloway's "bodily injury" arose from a "abuse," for its costs in prosecuting this action, and for such other relief as the Court deems just and necessary based on the facts and circumstances established in this matter.

<u>**COUNT III – NO COVERAGE UNDER THE POLICY**</u>
<u>**FOR AGGRAVATING CIRCUMSTANCES DAMAGES**</u>

60. Great Lakes incorporates and re-alleges Paragraphs 1 through 59 as if fully set forth herein.

61. The Policy provides coverage for "bodily injury" and "property damage."

62. The Policy further excludes from coverage "[p]unitive or exemplary damage . . . includ[ing] any damages awarded pursuant to statute . . . or other multiple damages in excess of compensatory damages."

63. The Underlying Lawsuit requests as relief all damages allowable under Mo. Rev. Stat. § 537.090, which includes damages arising from aggravating circumstances.

64. Aggravating circumstances damages are punitive in nature arising from statute, and are in excess to compensatory damages, making them excluded under the Policy. Further, aggravating circumstances damages is not "bodily injury" nor "property damage."

65. Because aggravating circumstances damages are punitive in nature arising from statute and are not "bodily injury" or "property damage" there is no coverage for aggravating circumstances damages under the Policy.

**WHEREFORE** Great Lakes prays for an Order and judgment from this Court declaring that Great Lakes has no duty to defend or indemnify Insureds for the claim made against it in the Underlying Lawsuit because aggravating circumstances damages are not "bodily injury" and is excluded under the Punitive or Exemplary Damages Exclusion endorsement, for its costs in prosecuting this action, and for such other relief as the Court deems just and necessary based on the facts and circumstances established in this matter.

<u>**COUNT IV – NO COVERAGE UNDER THE POLICY**</u>
<u>**(IN THE HYPOTHETICAL) DUE TO THE USE OF A WEAPON**</u>

66. Great Lakes incorporates and re-alleges Paragraphs 1 through 65 as if fully set forth herein

67. Pursuant to the Policy, there is no coverage for "bodily injury" which arises from the use of a "weapon" by any person.

68. According to the Underlying Lawsuit, Novaleigh Galloway had visible lacerations in the days leading up to her passing away.

69. In the hypothetical, if it is later revealed that Kyle Galloway and Deanna Kay Hankins used a "weapon" in their abuse of Novaleigh Galloway, then this exclusion would apply to exclude coverage.

**WHEREFORE** Great Lakes prays for an Order and judgment from this Court declaring that Great Lakes has no duty to defend or indemnify Insureds for the claim made against it in the Underlying Lawsuit because Novaleigh Galloway's "bodily injury" arose from the use of a "weapon," for its costs in prosecuting this action, and for such other relief as the Court deems just and necessary based on the facts and circumstances established in this matter.

Dated: April 1, 2026.                    Respectfully submitted,

*/s/ M. Courtney Koger*

M. Courtney Koger          MO #42343
Magdee "Alex" A. Besharat   MO #77866
KUTAK ROCK LLP
2405 Grand Boulevard, Suite 600
Kansas City, MO 64108
(816) 960-0090 (Telephone)
(816) 960-0041 (Facsimile)
Courtney.Koger@kutakrock.com
Alex.Besharat@kutakrock.com
**ATTORNEYS FOR GREAT LAKES
INSURANCE SE**

4911-9748-9051.1